IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              :        CASE NO. 12-09126 (ESL)
                                                    :
ANA CELIS ESTRADA LOPEZ                             :        CHAPTER 7
    Debtor                              :
_____          :

## OPINION AND ORDER

This case is before the court upon the Chapter 7 Trustee's *Objection to Claimed Exemptions* (the "*Objection*", Docket No. 18), the Debtor's *Opposition* thereto (Docket No. 24) and the Chapter 7 Trustee's *Reply* (Docket No. 25). The Chapter 7 Trustee moves for the denial of the Debtor's homestead exemption alleging that although the homestead deed was filed pre-petition at the Puerto Rico Property Registry, it was not recorded or registered by the Property Registrar pre-petition, which contravenes Article 9 of Puerto Rico's Home Protection Act No. 195 enacted on September 13, 2011 (in Spanish titled "Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar", hereinafter the "2011 PR Home Protection Act"), as amended by Act No. 257 of September 15, 2012, and therefore fails to comply with subsequent Article 12. Conversely, the Debtor sustains that she filed her homestead deed at the Property Registry pre-petition, which complies with the 2011 PR Home Protection Act. For the reasons stated below, Chapter 7 Trustee's *Objection* is denied.

## Factual and Procedural Background

On April 12, 2012, the Debtor executed Deed No. 112 before Notary Public Juan Rosa Marcano to declare her principal residence as homestead (the "Homestead Deed"). The Debtor filed the Homestead Deed at the Puerto Rico Property Registry, Humacao Section, on September 11, 2012. See Docket No. 24, p. 5.

On November 15, 2012, the Debtor filed a voluntary Chapter 7 petition (Docket No. 1). The meeting of creditors was held and closed on January 4, 2013 (Docket No. 13).

On February 2, 2013, the Chapter 7 Trustee filed a *Motion for Extension of Time to Object to Debtor's Claimed Exemptions* (Docket No. 14), to which the Debtor opposed on February 3, 2013 (Docket No. 15), arguing that the motion was untimely and proffered no clear cause as to why it should be granted.

On February 7, 2013, the court entered an *Order* granting 21 days for the Chapter 7 Trustee to reply to the Debtor's opposition (Docket No. 16). On February 12, 2013, the Chapter 7 Trustee filed a *Response to Debtor's Objection to Extension of Time and Objection to Claimed Exemptions* (Docket No. 18) averring that she had until February 4, 2013 to file object to the Debtor's exemptions and thus, the objection was timely. She also objects to the homestead exemption claimed by the Debtor arguing that the Homestead Deed was not recorded at the Puerto Rico Property Registry prior to the filing of the bankruptcy petition. In addition, she also objects to the exemption on household goods under 32 L.P.R.A. § 1130 for lack of specificity.

On March 10, 2013, the Debtor filed a *Request for Extension of Time to Oppose Trustee's Objections to Exemptions* (Docket No. 19), which court granted on March 12, 2013 (Docket No. 20).

On March 13, 2013, the Debtor filed a *Notice of Amended Schedules [B & C] and Statement of Purpose of the Amendment* (Docket No. 21). In *Schedule B*, the Debtor itemized the personal household appliances in response to the Chapter 7 Trustee's *Objection*. In *Schedule C*, the Debtor itemized the personal household appliances claimed also in response to the Chapter 7 Trustee's *Objection*. See Docket No. 21, p. 1, ¶¶ 1-2.

On May 1, 2013, the Debtor filed an *Opposition to Trustee's Objection to Exemptions* (Docket No. 24) sustaining that she complied with the 2011 PR Home Protection Act. She also avers that the objection to the household goods had become moot upon the filing of her amended schedules and relies on the fact that the Chapter 7 Trustee had more than 30 days to object to the amendments, which she had not.

On May 14, 2013, the Chapter 7 Trustee filed a *Reply to Debtor's Opposition To Objection to Exemptions* (Docket No. 25) seeking the denial of the homestead exemption because it had not been "qualified" by the Puerto Rico Property Registrar nor had the appropriate marginal annotations in the Debtor's principal residence been made in the Property Registry. She further alleges that non compliance of Article 12 of the 2011 PR Home Protection Act must result in the denial of the homestead exemption. As to her previous objections to the itemization of Debtor's household exemptions, she acknowledges that the same became moot upon the Debtor's *Amended Schedules B and C*. See Docket No. 25, p. 5, ¶ 7.

No further replies or briefs were filed.

Legal Analysis & Discussion

*(A) Exemptions in General*

When a debtor files a bankruptcy petition, all of his/her/its assets become property of the bankruptcy estate [11 U.S.C. § 541] subject to the debtor's right to reclaim certain property as exempt under 11 U.S.C. § 522. See Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992). A property becomes exempt by operation of law when no objections are filed. See 11 U.S.C. § 522(l). But the mere fact that debtors claim an exemption does not necessarily mean that they are entitled to it, since there must be compliance with statutory requirements and then an order that effect. See 9A Am. Jur. 2d Bankruptcy § 1392; In re Gutierrez Hernández, 2012 Bankr. LEXIS 2735 at *8, 2012 WL 2202931 at *2 (Bankr. D.P.R. 2012); In re Rolland, 317 B.R. 402, 412 (Bankr. C.D.Cal. 2004); In re Colvin, 288 B.R. 477, 483 (Bankr. E.D.Mi. 2003); Carlucci & Legum v. Murray (In re Murray), 249 B.R. 223, 230 (E.D.N.Y. 2000). Exemptions are an integral component of a debtor's fresh start and thus are liberally construed. Hon. Nancy C. Dreher, Hon. Joan N. Feeney and Michael J. Stepan, Esq., Bankruptcy Law Manual § 5:34 (5th ed. 2012-2); In re Farr, 278 B.R. 171, 48 (B.A.P. 9th Cir. 2002) (exemptions aid a debtor's fresh start by enabling debtor to emerge from bankruptcy with adequate assets); In re Toppi, 378 B.R. 9, 11 (Bankr. D. Me. 2007) (exemptions are liberally construed); In re Wegrzyn, 291 B.R. 2, 8-9 (Bankr. D. Mass. 2003) (exemptions should be construed liberally in favor of debtor to further the fresh start); Christo v. Yellin (In re Christo), 228 B.R. 48, 50 (B.A.P. 1st Cir. 1999) aff'd 192 F.3d 36 (1st Cir. 1999). A "fresh start", however, does not translate to a "head start". In re Goldberg, 59 B.R. 201, 208 (Bankr. N.D. Okla. 1986). "The basis for exemption laws is that by providing a debtor to retain a minimum level of property, the debtor and his or her family will not be completely destitute and thus a burden to society." Id. at 208. "A fundamental component of an individual debtor's fresh start in bankruptcy is the debtors ability to set aside certain property as exempt from the claims of creditors." Allan N. Resnick and Henry J. Sommes, 4 Collier on Bankruptcy ¶ 522.01 (16th ed. 2013).

Homestead exemptions are to be construed liberally on behalf of the homesteader. In re Dougan, 484 B.R. 529, 534 (Bankr. D. Mass. 2013); In re Haseltine, 2007 Bankr. LEXIS 3449, at

3

*4, 2007 WL 2932807, at *2 (Bankr. D.N.H. 2007); In re Rolland, 317 B.R. at 413; Garran v. SMS Fin. V, LLC (In re Garran), 338 F.3d 1, 6 (1st Cir. 2003); In re Arrol, 207 B.R. 662,665 (Bankr. N.D. Cal. 1997); Ingebretsen v. McNamer, 137 Cal. App. 3d 957, 960 (1982).

*(B)    Legal Construction of Puerto Rico Exemptions*

A state's[1] rules of construction must be followed by federal courts when construing state-law exemptions.  See Goldman v. Salisbury (In re Goldman), 70 F.3d 1028, 1029 (9th Cir. 1995). Generally, federal courts must construe all exemption statutes liberally, in the debtor's favor, "to reflect their remedial purposes." Caron v. Farmington Nat'l Bank (In re Caron), 82 F.3d 7, 10 (1st Cir. 1996).  Also see Shamban v. Perry (In re Perry), 357 B.R. 175, 180 (B.A.P. 1st Cir. 2006).

In Puerto Rico, exemptions are construed in the most liberal light to effectuate the humanitarian purpose of the lawmaker.  Laguna v. Quiñones, 23 P.R. R. 358, 360-361, 23 D.P.R. 386, 389 (1916); Marty Pérez v. Ramírez Cuerda, 75 P.R.R. 808, 814, 75 D.P.R. 858, 864 (1954). Questions as to the applicability of a Puerto Rico exemption must be resolved in favor of the exemption.  Quintana v. Superior Court, 104 P.R. Off. Trans. Part I 26, 28, 104 D.P.R. 18, 20 (1975); Marty Pérez v. Ramírez Cuerda, 75 P.R.R. 808, 814, 75 D.P.R. 858, 865 (1954).  When interpreting a Puerto Rico statute, its wording cannot be applied mechanically, but by exercising reason.  See Pueblo v. Pagan Medina, 99 P.R.R. 731, 737, 99 D.P.R. 753, 759 (1971).  Puerto Rico's Supreme Court has refused to follow literal interpretations of a statute if doing leads to an absurd result that is not in accordance with its legislative intent.  Pueblo v. Seda Álvarez, 82 D.P.R. 719, 725 (1961); Col. Ing. Agrim. P.R. v. A.A.A., 131 D.P.R. 735, 756 (1992); Municipio de San Juan v. Banco Gubernamental de Fomento, 140 D.P.R. 873, 884 (1996); Pueblo v. Zayas Rodríguez, 147 D.P.R. 530, 549 (1999).

*(C)    The 2011 PR Home Protection Act and the Decision in In re Pérez Hernández*

In In re Pérez Hernández, 487 B.R. 353 (Bankr. D.P.R. 2013), the court ruled that under the 2011 PR Home Protection Act, as amended, when a Puerto Rico individual or head of family files for bankruptcy, he/she retains his/her homestead right throughout the bankruptcy proceeding if

---

[1] Puerto Rico is a considered a state for bankruptcy purposes pursuant to 11 U.S.C. § 101(52).

4

he/she complies with the requirements established therein unless he/she chooses to claim the federal

exemption scheme afforded in 11 U.S.C. § 522(b)(2).  The court also ruled as follows:

> Articles 9 and 11 of the PR Home Protection Act distinguish between real properties that are registered at the Property Registry and those that are not.  The methods for claiming the homestead exemption in both instances are different.  In cases where the real property is registered at the Property Registry, Article 9 governs the procedure by which homestead is claimed.  In cases where the real property is not registered at the Property Registry or where the declaration of homestead has not yet been recorded or annotated, Articles 11 and 12 will govern.  Thus, when an individual or head of family files for bankruptcy, he/she must disclose in Schedule C whether or not his/her claimed homestead is or not registered at the Property Registry. If the real property is registered, he/she must show pre-petition compliance with Article 9 of the 2011 PR Home Protection Act.  If the real property is not registered, the debtor must submit with the bankruptcy petition the sworn statement required in Article 12 of the PR Home Protection Act, but instead of declaring that the real property was a principal residence before the service of process of foreclosure, he/she must declare that the real property was his/her pre-petition principal residence.

> Compliance with the requirements of the 2011 PR Home Protection Act is essential to properly claiming a homestead exemption in bankruptcy proceedings.  Id. at 368.

The foregoing must be read in conjunction with Puerto Rico's Mortgage Law and its Article 53,

*infra*.

*(D)    Relation-Back Provision in Puerto Rico's Mortgage Law*

Article 53 of Puerto Rico's Mortgage Law, 30 L.P.R.A. § 2256, provides a specific

relation-back provision for the registration of property interests pending to be recorded at the Puerto

Rico Property Registry.  Pursuant to Article 53, *supra,* the registration of any property interest by

the Property Registrar relates-back to its filing date (filing entry).  Id.  As stated by the Court of

Appeals for the First Circuit in Soto-Ríos v. BPPR (In re Soto-Ríos), 662 F.3d 112, 121 (1st Cir.

2011):

> [A]t a minimum Puerto Rico law regards presentment to be a legally significant act that initiates the certifying role of the Registrar, begins the process of registration, and as previously noted, operates as the decisive point for resolving any competing registrations in the same property.  See P.R. Laws Ann. tit. 30, § 2256.  Generally, once presented, the registrar must pass judgment on the documents within sixty days, or some "just cause" period thereafter, and then either act to record them or alert the applicant to any defect.  See P.R. Laws Ann. tit. 30, §§ 2255, 2267, 2270-72.  Indeed, the registrar must keep detailed records to memorialize the very "moment of presentation" by entering "the exact time of day" into the day book (filing entry).  See P.R. Laws Ann. tit. 30, §§ 2152, 2154, 2253.  Such precision is required, of course, because the filing entry is "intimately linked to the registry principle called rank or priority"; the first filing entry prevails.  Gasolinas de Puerto Rico v. Richard F. Keeler Vázquez, 155 D.P.R. 652, 675 (2001).

Also see Luis Rafael Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, San Juan, Jurídica Editors, 3rd ed. (2012), at p. 204.

Therefore, the court is not moved by the Chapter 7 Trustee's argument that the Debtor's homestead exemption should be denied because, as of the date of her bankruptcy petition, the Homestead Deed "remain[ed] to be qualified and the appropriate marginal annotations [have not been] made by the Property Registrar to the body of the property registration" (Docket No. 25, p. 1, ¶ 1). In the instant case, because the Debtor's real property is registered at the Property Registry, and because the Homestead Deed was filed pre-petition (Docket No. 24, p. 5) upon the Property Registrar's review of the Homestead Deed, he/she shall proceed to record it or alert the debtor to any defect, if any, in accordance with Puerto Rico's Mortgage Law. If no defects are found by the Property Registrar, pursuant to 30 L.P.R.A. § 2256, the registration of the homestead right will relate-back to its filing date, which in this case would be September 11, 2012, that is, pre-petition. Compare Docket No. 24, p. 5, with Docket No. 1. The 2011 PR Home Protection Act cannot be taken out of the context upon which all documents, including homestead deeds, are filed and recorded at the Puerto Rico Property Registry. Therefore, the Chapter 7 Trustee's homestead objection is hereby denied.

Conclusion

In view of the foregoing, the Chapter 7 Trustee's *Objection* (Docket No. 18) and *Reply* (Docket No. 25) are hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 10th day of July, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge